IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL VAUGHN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-632-O-BN |
| | § | |
| ORTHOTECH LLC d/b/a SMILESET | § | |
| d/b/a DR. DIRECT RETAINERS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Samuel Vaughn filed a *pro se* complaint raising claims that include alleged violations of the Telephone Consumer Protection Act, a federal statute, and the Texas Deceptive Trade Practices Act ("DTPA"). *See* Dkt. No. 3.

Chief United States District Judge Reed O'Connor referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Based on the DTPA allegations, Defendant OrthoTech, LLC moved to abate this case for Vaughn's failure to provide proper pre-suit notice as required under that statute. *See* Dkt. No. 17; TEX. BUS. & COM. CODE § 17.505.

Vaughn filed an amended complaint and responded to the motion to abate. *See* Dkt. Nos. 18 & 19. And OrthoTech replied. *See* Dkt. No. 20.

Vaughn "acknowledges that the original Complaint preceded perfected statutory notice under" the DTPA but contends that he "subsequently served formal written notice on Defendant's registered agent." Dkt. No. 19 at 1-2. "Since that time,

Defendant has had actual notice of the nature of Plaintiff's allegations, has appeared in this action, executed a waiver of service, engaged in settlement discussions concerning the claims at issue, and fully briefed substantive defenses directed to the merits of Plaintiff's claims." *Id.* at 2. Vaughn then "filed a First Amended Complaint providing additional factual detail concerning the communications at issue, including the dates, timing, message content, opt-out chronology, and statutory bases for Plaintiff's claims." *Id.*

Based on the record here, that's not good enough.

> To the extent the DTPA applies, [Vaughn] must comply with all substantive provisions of it, including its notice provision. *See Hines v. Hash*, 843 S.W.2d 464, 467 (Tex. 1992) ("The notice requirement of the DTPA is clearly mandatory."). Notably, section 17.505 of the DTPA requires, "[a]s a prerequisite to filing a suit seeking damages" under the statute, that
>> a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.
> TEX. BUS. & COM. CODE § 17.505(a). Further, there are only two exceptions to the notice requirement, which are 1) the sixty days notice would be impracticable because the statute of limitations would run, or 2) the consumer's DTPA claim is asserted by way of counterclaim. *Id.* § 17.505(b).

*Franklin v. Apple, Inc.*, 569 F. Supp. 3d 465, 482 (E.D. Tex. 2021) (cleaned up).

Vaughn does not invoke the only applicable (first) exception.

And "Texas courts interpreting the … the [DTPA] have held that notice letters containing specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfies the notice requirement." *Early v.*

*Union Sec. Ins. Co.*, No. 1:23-CV-00098, 2023 WL 4936719, at \*2 (E.D. Tex. Apr. 27, 2023) (quoting *In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 10-11 (Tex. App. – Corpus Christi 2011, no pet.) (collecting cases)).

But, even if Vaughn's failure to provide notice prior to filing this suit could now be excused, it's not clear that his amended complaint provides even this level of clarity.

And, even if it did, it still "fails to articulate a dollar amount for each category of damages sought." *Id.* at \*3 ("A demand letter that fails to articulate a dollar amount for each category of damages sought does not meet the requirements of the DTPA or Texas Insurance Code." (citations omitted)).

And, so, the Court cannot find that it would be futile to abate this entire case at this time under the DTPA. *Cf. Greco v. Jones*, 38 F. Supp. 790, 800 (N.D. Tex. 2014) ("The NFL argues that, to the extent not dismissed, Plaintiffs' DTPA claims must be abated for Plaintiffs' failure to provide adequate notice to the NFL. The Court agrees. Plaintiffs provided to the NFL four notice letters on behalf of each category of Plaintiffs. These letters fail to provide specific damages information as to any one Plaintiff and thus fail to satisfy the DTPA notice requirements…. Plaintiffs' surviving DTPA claims are therefore abated until the 60th day after the Obstructed View Plaintiffs serve notice in compliance with § 17.505(a).").

The Court therefore GRANTS Defendant OrthoTech, LLC's motion to abate [Dkt. No. 17] and will hold this entire case in ABEYANCE until sixty days after Plaintiff Samuel Vaughn serves a notice that complies with the DTPA (and files that

notice with the Court). *See Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821 (N.D. Tex. 2001) (denying motion to dismiss non-DTPA claims and then abating "th[e] action" based on a failure to serve proper notice under the DTPA).

The Court also TERMINATES AS MOOT OrthoTech's motion to dismiss the superseded complaint [Dkt. No. 16] and DISMISSES WITHOUT PREJUDICE AS PREMATURE OrthoTech's motion to dismiss the amended complaint [Dkt. No. 21]. *See Hagar v. Fed. Bureau of Investigation*, 170 F.4th 946, 953 (5th Cir. 2026) ("dismissing [a dispositive] motion as premature" is "a proper exercise of the magistrate judge's pretrial docket-management authority").

SO ORDERED.

DATED: May 28, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE